**Motion for En Banc Reconsideration Granted; Majority and Dissenting Opinions filed September 4, 2014, Withdrawn; Affirmed and En Banc Majority and En Banc Dissenting Opinions filed April 23, 2015.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-13-00580-CV

---

## IN THE ESTATE OF ROSA ELVIA GUERRERO, DECEASED

---

**On Appeal from the Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 388,367-401**

---

## E N   B A N C   D I S S E N T I N G   O P I N I O N

This case is a classic example where a rule of procedure would clarify the procedures for motions to compel arbitration and prevent unnecessary appeals. It also showcases the unnecessary expense involved in cases where we do not stick to the rule that objections should be made in the trial court and that the trial court should rule on the objections.

Motions to compel arbitration are governed by section 171.021 of the Texas Civil Practice and Remedies Code. This section, entitled "Proceeding to Compel Arbitration," provides in part:

> (a)   A court shall order the parties to arbitrate on application of a party showing:
>
> > (1)   an agreement to arbitrate; and
> >
> > (2)   the opposing party's refusal to arbitrate.
>
> (b)   If a party opposing an application made under Subsection (a) denies the existence of the agreement, the court shall summarily determine that issue. . . .

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.021 (West 2011).

This would appear to be a relatively straightforward proceeding, requiring the party opposing arbitration to deny the arbitration agreement's existence. Guerrero did not. Yet today our court denies relief to Champion for the sole reason that Champion failed to properly authenticate the arbitration agreement—a matter that Champion can easily solve on remand by obtaining a business-records affidavit from Penny Perng.[1] Guerrero objected to the authenticity of the documents in the trial court but she did not get a ruling on her objections.

Relying on summary-judgment evidentiary procedures, the majority concludes that Champion failed to properly prove up the arbitration agreements. If our record consisted of only Champion's amended motion to compel arbitration, I might agree. But it contains much more. Guerrero deposed several Champion witnesses—including Perng, the custodian of Champion's records. Perng's deposition was attached to one of Guerrero's responses. Perng testified that she brought the original purchase and warranty files to the deposition; that the files contained all of the records related to the Guerrero sale and any original documents signed by Guerrero; and that the files were kept contemporaneously in

---

[1] In fact, that is what happened after we issued our original panel opinion in this case.

the ordinary course of business and as an ordinary practice. She also testified that these files contained an Arbitration Agreement, Buyer's Order and Invoice, Motor Vehicle Retail Installment Sales Contract, and Security Agreement, and she explained details regarding each document. Guerrero's attorney saw the original documents with Guerrero's signature. That is why—in good faith—he could not argue in his pleadings or at the hearing that she did not sign the agreements; it is why he admitted that she did sign "various documents"; and it is why he specifically admits that she signed an agreement without an arbitration clause and with a merger clause.

Under Texas Rule of Evidence 901, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."[2] As Guerrero's response showed, Champion's witnesses did so. *Cf. Jordan v. Geigy Pharms.*, 848 S.W.2d 176, 181 (Tex. App.—Fort Worth 1992, no writ) (holding nonmovant may rely on movant's summary-judgment evidence). Because the majority concludes that a fact question exists as to the authenticity of the agreements—despite this evidence, and even though Guerrero introduced no controverting affidavit and did not deny the genuineness of the agreements—I respectfully dissent.


/s/    Tracy Christopher
       Justice

Justice Wise authored the En Banc Majority Opinion, in which Justices Boyce, Jamison, Donovan, and Brown joined. Chief Justice Frost authored an En Banc Dissenting Opinion. Justice Christopher authored an En Banc Dissenting Opinion, in which Justices McCally and Busby joined.

---

[2] During the pendency of this appeal, Rule 901 was revised to read as follows: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *See* Tex. Sup. Ct. Misc. Dkt. No. 15-9048 (Mar. 12, 2015).